IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ANDERSON DIVISION

| | |
|---|---|
| Richard Price Tucker, ) | C/A NO. 8:13-401-CMC-JDA |
| ) | |
| Plaintiff, ) | |
| ) | **OPINION and ORDER** |
| v. ) | |
| ) | |
| Russell Helbig, Chaplain, is sued in his ) | |
| personal/individual capacity; and in his ) | |
| official capacity for injunctive relief, ) | |
| ) | |
| Defendant. ) | |
| _____ ) | |

This matter is before the court on Plaintiff's *pro se* complaint, filed in this court pursuant to *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971) and the Religious Land Use and Institutionalized Persons Act of 2000, 42 U.S.C. § 2000cc–1(a) ("RLUIPA"). Plaintiff, a federal inmate currently serving his sentence at Williamsburg FCI, seeks injunctive, declaratory, and monetary relief.[1] The complaint was served on Defendant with an order for shortened response based upon the timing of the date of Passover and Plaintiff's allegations. On March 20, 2013, Defendant responded in opposition to Plaintiff's complaint and motion for preliminary injunction. *See* Mot. to Dism. and/or for Summ. J. (ECF No. 24) & Resp. in Opp. to M.

---

[1] Matters relating to prison conditions are generally referred to a United States Magistrate Judge of this court for initial review and other pretrial proceedings pursuant to Local Rule 73.02(B)(2)(f). However, this court retains the authority to withdraw the reference and proceed to consider a matter without a Report and Recommendation from a Magistrate Judge. Due to the time frame and nature of Plaintiff's request for injunctive relief, this court hereby withdraws the reference to the Magistrate Judge as to the request for preliminary injunctive relief. This matter shall otherwise proceed before a Magistrate Judge for pretrial matters and a Report and Recommendation on dispositive matters.

1

(ECF No. 25).

Plaintiff contends that he is a Messianic Jew and that Defendant has denied his request for a "Roast Meat Ceremonial Meal to be eaten with the Seder Plate (bitter herbs) as mandated by the Jewish Torah . . . ." Compl. at 3 (ECF No. 1, filed Feb. 19, 2013). Plaintiff seeks a "Torah, Bible Backed and God Commanded Ceremonial Meal for the Jewish PASSOVER [sic] March 25th and 26th, 2013." M. for Temporary Restraining Order Injunction and Show Cause Order at 1 (ECF No. 3, filed Feb. 19, 2013).

Defendant argues Plaintiff has failed to exhaust his administrative remedies regarding this issue, that Plaintiff fails to state a claim under RLUIPA, and that assuming Plaintiff has stated a claim under the Religious Freedom Restoration Act (RFRA), Defendant is entitled to summary judgment.[2] Defendant also argues that Plaintiff's motion for preliminary injunction should be denied as Plaintiff is not likely to succeed on the merits of his claim. *See* ECF No. 25 at 4-5.

**PRELIMINARY INJUNCTION STANDARD**

Plaintiff indicates he is invoking Rule 65(a) of the Federal Rules of Civil Procedure as a basis for his motion. Rule 65(a) of the Federal Rules of Civil Procedure provides that the court "may issue" a preliminary injunction only on notice to the adverse party. Fed. R. Civ. P. 65(a). In other words, the court's authority to issue a preliminary injunction under this rule is discretionary.

Preliminary injunctions are "extraordinary remedies involving the exercise of very far-reaching power to be granted only sparingly and in limited circumstances." *MicroStrategy, Inc. v. Motorola, Inc.*, 245 F.3d 335, 339 (4th Cir. 2001). Usually, preliminary injunctions "aim to

---

[2]By separate order this date, Magistrate Judge Jacquelyn D. Austin has issued an order pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), directing Plaintiff to respond to Defendant's dispositive motion within thirty-four (34) days. See ECF No. 27 (filed Mar. 21, 2013).

2

maintain the status quo and prevent irreparable harm while a lawsuit remains pending." *Pashby v. Delia*, __ F.3d __, 2013 WL 791829, *7 (4th Cir. Mar. 5, 2013).

On the other hand, mandatory preliminary injunctions, which compel action, "do not preserve the status quo and normally should be granted only in those circumstances when the exigencies of the situation demand such relief." *Wetzel v. Edwards*, 635 F.2d 283, 286 (4th Cir. 1980) (citing *Interstate Commerce Comm'n v. Baltimore & Annapolis R. Co.*, 64 F.R.D. 337 (D. Md. 1974)). Therefore, "a mandatory preliminary injunction must be necessary both to protect against irreparable harm in a deteriorating circumstance created by the defendant and to preserve the court's ability to enter ultimate relief on the merits of the same kind." *Sun Microsystems, Inc. v. Microsoft Corp. (In re Microsoft Corp. Antitrust Litig.)*, 333 F.3d 517, 526 (4th Cir.2003), *abrogated on other grounds by* eBay, Inc. v. MercExchange, L.L.C., 547 U.S. 388 (2006).

A district court must apply a rigorous four-part test in determining whether to grant a preliminary injunction. To qualify for such relief, the moving party must show (1) likelihood it will succeed on the merits; (2) likelihood it will suffer irreparable harm in the absence of a preliminary injunction; (3) that the balance of equities tips in its favor; and (4) that the injunction is in the public interest. *Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008).

The *Winter* standard requires the district court to find that the party seeking the injunction has made a "clear showing" that he is likely to succeed on the merits. *Id*. at 22. This standard compels the moving party to show that he is *likely* to prevail: Regardless of the balance of hardships, it is insufficient for the party to show only that "grave or serious questions are presented" in the litigation. *Compare Real Truth About Obama v. FEC*, 575 F.3d 342, 346 (4th Cir. 2009),

3

*vacated on other grounds*, 558 U.S. \_\_, 130 S. Ct. 2371 (2010),[3] *with Blackwelder Furniture Co. of Statesville v. Seilig Mfg. Co.*, 550 F.2d 189, 196 (4th Cir. 1977). Second, the moving party must make a clear showing that he is likely to be irreparably harmed if preliminary relief is denied. To meet this test, the party must show more than a mere *possibility* of harm. *Winter*, 555 U.S. at 22. Third, the moving party must show that the balance of equities tips in his favor. *Id.* at 20. Fourth, the district court must consider whether grant or denial of the injunction is in the public interest. The court must give "particular regard" to the public consequences of granting a preliminary injunction. *Id.* at 9, 24; *Real Truth*, 575 F.3d at 347. The Fourth Circuit no longer recognizes a "flexible interplay" among these criteria. Instead, each requirement must be fulfilled as articulated. *Id.* (quoting *Blackwelder*, 550 F.2d at 196).

**ANALYSIS**

An analysis of the *Winter* factors reveals that Plaintiff's motion for preliminary injunction fails. First, Plaintiff has not made a clear showing that he is likely to succeed on the merits of his complaint. Defendant argues that Plaintiff has failed to exhaust administrative remedies. Mot. to Dism. and/or for Summ. J. at 3-6. Even if it could somehow be shown by Plaintiff that prison officials either removed or lost some of his necessary paperwork intended to perfect his appeal to

---

[3]In *Real Truth*, the Fourth Circuit modified its prior approach, which required district courts to balance the likelihood of irreparable harm to each party as a "first step" in its analysis, and then to consider the likelihood of success only as a secondary matter, dependent upon the outcome of the initial balance-of-hardships test. *See Blackwelder Furniture Co. of Statesville v. Seilig Mfg. Co.*, 550 F.2d 189, 195-96 (4th Cir. 1977). The Supreme Court vacated *Real Truth* and remanded the case for further consideration in light of *Citizens United v. Federal Election Comm'n*, 558 U.S. \_\_\_, 130 S. Ct. 876 (2010), which related to corporate electioneering communications under the First Amendment. *See Real Truth About Obama, Inc. v. FEC*, 558 U.S. \_\_, 130 S. Ct. 2371 (2010). The Fourth Circuit remanded the First Amendment-related aspects of the case to the district court but reissued, *inter alia*, the portion of the 2009 opinion setting forth the *Winter-Real Truth* preliminary injunction standard. *See Real Truth About Obama, Inc. v. FEC*, 607 F.3d 355 (4th Cir. 2010).

the National Inmate Appeals Coordinator (NIAC), Plaintiff took no steps to correct the defect noted by the NIAC within the time frame allotted. Additionally, there is no evidence Plaintiff has attempted to exhaust administrative remedies relating to the specific allegation which is the focus of this preliminary injunction motion; that is, the December 12, 2012, denial of his request for a ceremonial meal of "steak, chicken, and fries" to accompany his Seder plate during Passover 2013. *See* "Inmate Request for Religious Event," (ECF No. 1-1 at 2, filed Feb. 19, 2013).

Apart from the exhaustion issue, Plaintiff has failed to show a likelihood of success on the merits of his claim that he is entitled to have a Roast Meat Meal to consume with the Seder plate. Plaintiff will be provided with the mandated traditional Seder plate and its contents, and a Kosher-for-Passover meal to observe the first two days of the Passover celebration. The absence of steak, chicken, and french fries during the Passover celebration does not constitute a substantial burden on Plaintiff's religious beliefs and will not cause him irreparable harm.

Plaintiff must also show that the balance of equities tips in his favor. This he has failed to do. Finally, Plaintiff has not shown that an injunction is in the public interest.

**CONCLUSION**

Accordingly, Plaintiff's motion for temporary restraining order and/or preliminary injunction relating to the Ceremonial Roast Meat Meal to accompany the Passover Seder Plate on March 25, 2013, is **denied**. This matter is returned to the Magistrate Judge for further pretrial proceedings.

**IT IS SO ORDERED.**

                                             s/ Cameron McGowan Currie
                                             CAMERON MCGOWAN CURRIE
                                             UNITED STATES DISTRICT JUDGE

Columbia, South Carolina
March 21, 2013