IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| RICHARD PRICE TUCKER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | No. 8:13-cv-00401-RMG |
| vs. ) | |
| ) | **ORDER** |
| RUSSELL HELBIG, Chaplain, in his ) | |
| individual and official capacity, ) | |
| ) | |
| Defendants. ) | |
| ) | |
| _____ ) | |

This matter comes before the Court on the Report and Recommendation (R & R) of the Magistrate Judge (Dkt. No. 41), recommending that Defendant's Motion to Dismiss or, in the alternative, for Summary Judgment be granted. For the reasons stated below, the Court **ADOPTS** the R & R in full. Accordingly, Defendant's Motion for Summary Judgment[1] (Dkt. No. 24) is **GRANTED**.

## Background

Plaintiff is incarcerated at the Federal Correctional Institution Williamsburg in Salters, South Carolina and alleges that the Defendant violated his constitutional rights in various ways. (*See* Dkt. No. 1.) The Magistrate Judge recommended that summary judgment be entered in favor of Defendant because Plaintiff failed to exhaust his administrative remedies. (Dkt. No. 41.) Plaintiff filed an initial grievance with the Warden concerning the claims at issue here and then

---

[1] Because the Magistrate Judge considered and this Court considers evidence submitted in support of and in response to Defendant's motion, the Court considers it as a motion for summary judgment, rather than a motion to dismiss.

appealed the Warden's response to the Regional Director. (Dkt. No. 24-1 at ¶¶ 5-6.) However, Plaintiff's appeal of the Regional Director's response to the Office of General Counsel (the third and final level of administrative review) was rejected and returned to him because he did not submit the proper number of continuation pages and copies with his appeal. (*Id.* at ¶ 7.) Plaintiff was advised that he could resubmit his appeal in proper form within 15 days of the rejection notice, but he failed to do so. (*Id.* at ¶¶ 7-8.) Because Plaintiff did not resubmit his appeal after being notified of the deficiency, the Magistrate Judge found that Plaintiff failed to exhaust his administrative remedies. (Dkt. No. 41 at 14-15 (listing cases).)

Plaintiff filed an "Answer and Return" to the R & R, but did not object to any particular portion of the R & R or to any particular findings by the Magistrate Judge. (*See* Dkt. No. 43.) Instead, Plaintiff asserted a variety of frivolous claims completely lacking in merit, including that the Federal District Court is a "Foreign State"; that United States courts lack jurisdiction over any claims brought against individuals; and that the Magistrate Judge violated criminal statutes by issuing her Report and Recommendation. (*See id.*)

## Legal Standard

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). The Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." 28 U.S.C. § 636(b)(1). This Court is charged with making a de novo determination of those portions of the R & R or specified proposed findings or recommendations to which objection is made. *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (quoting 28

U.S.C. § 636(b)(1)); *accord* Fed. R. Civ. P. 72(b). As to portions of the R & R to which no specific objection has been made, this Court "must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Id.* (quoting Fed. R. Civ. P 72 advisory committee note). Moreover, in the absence of specific objections to the R & R, the Court need not give any explanation for adopting the Magistrate Judge's analysis and recommendation. *See Camby v. Davis*, 718 F.2d 198, 199-200 (4th Cir. 1983).

## Discussion

The Court has carefully reviewed the pleadings, the parties' briefing, and the R & R, and concludes that the Magistrate Judge correctly applied the relevant law to the operative facts in this matter. It is undisputed that, after being notified of the deficiencies in his appeal and the deadline to correct these deficiencies, Plaintiff failed to resubmit his appeal. Plaintiff does not allege and has not put forward evidence that this failure was due to anything other than his own choice not to resubmit the appeal. Thus, he has failed to exhaust his administrative remedies. *See, e.g., Randolph v. Redfearn*, No. 2:05-cv-2249, 2006 WL 1687449 at *2 (D.S.C. June 13, 2006) (dismissing claim for failure to exhaust administrative remedies because "Plaintiff only needed to re-submit his grievance in proper form to have his claim redressed").

The Court, therefore, **ADOPTS** the Magistrate Judge's Report and Recommendation (Dkt. No. 41) as the order of this Court. Accordingly, Defendant's Motion for Summary Judgment (Dkt. No. 24) is **GRANTED**.

**IT IS SO ORDERED.**

_____
Richard Mark Gergel
United States District Judge

December 4, 2013
Charleston, South Carolina

-3-